1    Bernard M. Resser (SBN 092873)
      BResser@BartonEsq.com
2    Georgiana P. Young (SBN 198848)
      GYoung@bartonesq.com
3    **BARTON LLP**
      100 Wilshire Boulevard, Suite 1300
4    Santa Monica, CA 90401
      Telephone: 212.687.6262
5    Fax: 212.687.3667

6    Attorneys for Defendants SHARECARE OPERATING COMPANY, INC.,
      SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC,
7    and CARELINX INC.

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA CUNNINGHAM, individually, and on behalf of other members of the general public similarly situated; | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453** |
| v. | |
| SHARECARE CL, LLC, a Delaware limited liability company; SHARECARE HEALTH DATA SERVICES, LLC, a Delaware limited liability company; SHARECARE OPERATING COMPANY, INC., a Delaware corporation; CARELINX INC., a Delaware corporation; and DOES 1 through 100, inclusive; | **(CLASS ACTION FAIRNESS - DIVERSITY)** |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

     **PLEASE TAKE NOTICE that** Defendants, Sharecare Operating Company, Inc., Sharecare CL, LLC, Sharecare Health Data Services, LLC, and CareLinx, Inc., by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, remove Case No. CV2023-2034 from the Superior Court of the State of California, County of Yolo, (the "State Court Action") to this Court. In support of this Notice of Removal, Defendants state the following:

## I.    SUMMARY

1.   Defendants have removed the State Court Action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA") because (i) the State Court Action is a class action, (ii) Plaintiff's putative class exceeds 100 members, (iii) Plaintiff or at least one other member of the putative class is a citizen of a different state than any of the Defendants, and (iv) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. §1332(d).

## II.    PROCEDURAL HISTORY

2.   On September 25, 2023, Plaintiff commenced the State Court Action by filing an unverified Class Action Complaint for Damages (the "Complaint") against Defendants and unidentified DOES 1 through 100 in the Superior Court of the State of California, County of Yolo.[1]

3.   The Complaint asserts the following eight causes of action against Defendants[2]:

    a.   Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);

    b.   Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);

    c.   Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);

    d.   Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages);

    e.   Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);

    f.   Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);

    g.   Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); and

    h.   Violation of California Business & Professions Code §§ 17200, *et seq.*

---

[1] Defendants have attached a copy of Plaintiff's Complaint as Doc. #1-1.

[2] Defendants incorporate Plaintiff's allegations in the Complaint into this Notice of Removal by reference without admitting the truth of any of them.

1     (Complaint at ¶¶ 42-100).

2     4.  On October 5, 2023, Plaintiff served Defendant, Sharecare CL, LLC, ("Sharecare CL")

3         with the Complaint via its agent for service of process.[3]

4     5.  Defendants have attached a collective copy of all process, pleadings, and orders served

5         upon any of them by Plaintiff in connection with the State Court Action as Doc. #1-3.

6                          **III.    VENUE**

7     6.  The Eastern District of California is the proper venue for this removal because Plaintiff

8         filed and has maintained the State Court Action against Defendants in the Superior Court

9         of the State of California, Yolo County. *See* 28 U.S.C. §§ 84(b), 1441(a), 1446(a).

10                   **IV.    TIMELINESS OF REMOVAL**

11    7.  This Notice of Removal has been timely filed within 30 days of Plaintiff's service of the

12        Complaint upon Defendant, Sharecare CL, LLC, on October 5, 2023. 28 U.S.C. §

13        1446(b)(2)(B); Fed. R. Civ. Pro. 6(a)(1).

14                         **V.    CAFA ELIGIBILITY**

15    8.  The State Court Action is eligible for removal to this Court under CAFA.

16                **A.  The State Court Action is a Class Action**

17    9.  Plaintiff filed the Complaint against Defendants as a class action. *See, e.g.,* Complaint at

18        ¶1.

19            **B.  There is Sufficient Diversity Among the Parties**

20    10. There is sufficient diversity among the parties to qualify for removal under CAFA.

21    11. Plaintiff is a resident and, upon information and belief, citizen of California. (Complaint at

22        ¶5).

23    12. Plaintiff has defined her putative class to include only individuals employed by

24        Defendants within California since September 25, 2019, the majority of whom are

25        presumably residents and citizens of California too. (Id. at ¶13).

26    _____

27    [3] Defendants have attached a copy of the summons served upon Sharecare CL by Plaintiff as Doc.
      #1-2. Although Plaintiff claims to have served all Defendants in the State Court Action, only
      Sharecare CL has been served.

28

13. Defendants are all Delaware entities, principally headquartered in Atlanta, Georgia.

## C.  The Putative Class Exceeds 100 Members

14. The putative class defined in Plaintiff's Complaint exceeds 100 members.

15. The Complaint defines the putative class as "[a]ll current and former hourly-paid or non-exempt employees of Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." (Complaint at ¶13).

16. During the 4-year timeframe addressed in Plaintiff's Complaint, Defendants employed more than 100 employees who fall within the definition of Plaintiff's putative class.

## D.  The Total Amount in Controversy Exceeds $5,000,000

17. The total amount in controversy in the State Court Action, excluding interest and costs, exceeds $5,000,000.

18. The Complaint broadly accuses all four corporate Defendants of engaging in a pattern and practice of committing eight enumerated violations of California law, throughout a 4-year period, against all of their hourly-paid or non-exempt employees.

19. The Complaint does not plead any causes of action with specificity, e.g., by explaining how frequently the violations occurred, when they occurred, or to whom they occurred, so Defendants presume that Plaintiff is accusing them of systemic violations against all or nearly all the putative class.

20. Plaintiff's generic pleading causes the amount in controversy in the State Court Action to be very high.

21. For example, Plaintiff's second and third causes of action accuse Defendants of engaging in a pattern and practice of denying their employees meal and rest breaks and corresponding premium pay in violation of California law.

22. Even if Defendants' employees only worked 48 weeks per year, over the course of four years, they would have each worked 960 workdays.

23. If Defendants systematically denied their employees meal and rest breaks and corresponding premium pay in violation of California law for 960 workdays, that

1    translates into as many as 1,920 hours of premium pay owed per employee.

2    24. Even at the average minimum wage applicable to Defendants during the 4-year timeframe

3    addressed in Plaintiff's Complaint, $14.14 per hour, 1,920 hours of premium pay equates

4    to $27,148.80 *per employee*.

5    25. In addition to Plaintiff's six other, generically pleaded causes of action against each of the

6    four corporate Defendants, she also seeks an award of attorney's fees. There is no

7    question that Plaintiff and the putative class seek more than $5,000,0000 from Defendants

8    in the State Court Action.

9    ## VI.    NOTICE TO PLAINTIFF & STATE COURT

10    26. Pursuant to 28 U.S.C. §1446(d), Defendants will provide written notice of this Notice of

11    Removal to Plaintiff and file a copy of it with the Superior Court of the State of

12    California, County of Yolo.

13

14    Dated: November 6, 2023                    RESPECTFULLY SUBMITTED,

15                                               BARTON LLP

16
                                               By: */s/ Bernard M. Resser*_____
17                                                    Bernard M. Resser
18                                               Attorneys for Defendants SHARECARE
                                               OPERATING COMPANY, INC.,
19                                               SHARECARE CL, LLC, SHARECARE HEALTH
                                               DATA SERVICES, LLC, and CARELINX INC.
20

21

22

23

24

25

26

27

28

5

DOC #1-1

1   DOUGLAS HAN (SBN 232858)
    SHUNT TATAVOS-GHARAJEH (SBN 272164)
2   LAWRENCE W. BEALL (SBN 343117)
    **JUSTICE LAW CORPORATION**
3   751 N. Fair Oaks Avenue, Suite 101
    Pasadena, California 91103
4   Telephone: (818) 230-7502
    Facsimile:  (818) 230-7259
5

6   *Attorneys for* Plaintiff

7

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 9/25/2023 11:54 AM
By: M Gallegos, Deputy

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF YOLO**

10  AMANDA CUNNINGHAM, individually, and       Case No.:    CV2023-2034
    on behalf of other members of the general
11  public similarly situated;                 **CLASS ACTION COMPLAINT FOR**
                                                **DAMAGES**
12
                                               (1)  Violation of California Labor Code
13          Plaintiff,                               §§ 510 and 1198 (Unpaid Overtime);
                                               (2)  Violation of California Labor Code
14      v.                                          §§ 226.7 and 512(a) (Unpaid Meal
                                                    Period Premiums);
15  SHARECARE CL, LLC, a Delaware limited      (3)  Violation of California Labor Code
    liability company; SHARECARE HEALTH             § 226.7 (Unpaid Rest Period Premiums);
16  DATA SERVICES, LLC, a Delaware limited     (4)  Violation of California Labor Code
    liability company; SHARECARE                    §§ 1194 and 1197 (Unpaid
17  OPERATING COMPANY, INC., a Delaware             Minimum Wages);
    corporation; CARELINX INC., a Delaware     (5)  Violation of California Labor Code
18  corporation; and DOES 1 through 100,            §§ 201 and 202 (Final Wages Not
    inclusive;                                      Timely Paid);
19                                             (6)  Violation of California Labor Code
                                                    § 226(a) (Non-Compliant Wage
20          Defendants.                             Statements);
                                               (7)  Violation of California Labor Code §§
21                                                  2800 and 2802 (Unreimbursed Business
                                                    Expenses);
22                                             (8)  Violation of California Business &
                                                    Professions Code §§ 17200, *et seq.*
23

24                                             **DEMAND FOR JURY TRIAL**

25

26

27

28

1    COMES NOW, Plaintiff AMANDA CUNNINGHAM ("Plaintiff"), individually, and

2    on behalf of other members of the general public similarly situated, and alleges as follows:

3                              **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to the California Code of Civil Procedure

5    section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal

6    jurisdiction limits of the Superior Court and will be established according to proof at trial.  The

7    "amount in controversy" for the named Plaintiff, including claims for compensatory damages,

8    restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than

9    seventy-five thousand dollars ($75,000).

10    2.    This Court has jurisdiction over this action pursuant to the California

11    Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all

12    other causes" except those given by statute to other courts. The statutes under which this action

13    is brought do not specify any other basis for jurisdiction.

14    3.    This Court has jurisdiction over Defendants because, upon information and

15    belief, Defendants are citizens of California, have sufficient minimum contacts in California,

16    or otherwise intentionally avail themselves of the California market so as to render the exercise

17    of jurisdiction over them by the California courts consistent with traditional notions of fair play

18    and substantial justice.

19    4.    Venue is proper in this Court because, upon information and belief, Defendants

20    maintain offices, have agents, and/or transact business in the State of California, including the

21    County of Yolo. The majority of the acts and omissions alleged herein relating to Plaintiff took

22    place in the State of California, County of Yolo. Defendants employed Plaintiff within the State

23    of California, County of Yolo.

24                                    **PARTIES**

25    5.    Plaintiff AMANDA CUNNINGHAM is an individual residing in the State of

26    California, County of Yolo.

27    / / /

28    / / /

6.      Defendant SHARECARE CL, LLC, at all times herein mentioned, was and is, upon information and belief, a Delaware limited liability company, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Yolo. Defendant SHARECARE HEALTH DATA SERVICES, LLC, at all times herein mentioned, was and is, upon information and belief, a Delaware limited liability company, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Yolo. Defendant SHARECARE OPERATING COMPANY, INC., at all times herein mentioned, was and is, upon information and belief, a Delaware corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Yolo. Defendant CARELINX INC., at all times herein mentioned, was and is, upon information and belief, a Delaware corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Yolo.

7.      At all relevant times, Defendants SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., and CARELINX INC. were each an "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8.      At all times herein relevant, Defendants SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

9.     The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.    Defendants SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.    Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action individually and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

13.    The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees of Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

14.    Plaintiff reserves the right to establish subclasses as appropriate.

15.    The class is ascertainable and there is a well-defined community of interest in the litigation:

/ / /

/ / /

a.  <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.  <u>Typicality</u>: Plaintiff's claims are typical of all other class members' claims as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c.  <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

/ / /

/ / /

/ / /

e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants failed to pay their hourly-paid or non-exempt employees within the State of California for all hours worked;

c.  Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendants properly calculated the regular rate for Plaintiff and the other class members who worked overtime and earned incentive pay;

e.  Whether Defendants deprived Plaintiff and the other class members of legally mandated meal and/or rest periods and failed to compensate them the related premium wages pursuant to California Labor Code section 226.7(c);

f.  Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

/ / /

/ / /

g.  Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

h.  Whether Defendants complied with wage reporting as required by the California Labor Code, including, inter alia, section 226;

i.  Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

j.  Whether Defendants' conduct was willful or reckless;

k.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*;

l.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m.  Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## **GENERAL ALLEGATIONS**

17.  During the relevant time period set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

18.  Defendants, jointly and severally, employed Plaintiff as an hourly-paid non-exempt employee during the relevant time period in the State of California, County of Yolo.

19.  Defendants had the authority to hire and terminate Plaintiff and other class members; to set work rules and conditions governing Plaintiff's and other class members' employment; and to supervise their daily employment activities.

20.  Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and other class members' employment for them to be joint employers of Plaintiff and the other class members.

21.  Defendants directly hired and paid wages and benefits to Plaintiff and other class members.

/ / /

22.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

23.     Plaintiff and other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This scheme involved, inter alia, failing to pay them for all hours worked, and failing to provide legally mandated meal and rest breaks or pay related premium wages in lieu thereof, in violation of California law.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive certain wages for overtime compensation and that Plaintiff and other class members were not receiving wages for overtime compensation.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage Orders and thus they are entitled to any and all applicable penalties.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all timely and complete meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, late or interrupted, and that Plaintiff and other class members did not receive all timely and proper meal periods or payment of one additional hour of pay at their regular rate of pay when a meal period was missed.

/ / /

/ / /

/ / /

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all timely rest periods without interruption or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, late or interrupted, and that Plaintiff and other class members did not receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive at least minimum wages for compensation and that Plaintiff and other class members were not receiving at least minimum wages for all hours worked.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and that Plaintiff and other class members did not, in fact, receive such wages owed to them at the time of their discharge or resignation.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive complete and accurate wage statements in accordance with California law but, in fact, Plaintiff and other class members did not receive complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and other class members.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

/ / /

/ / /

/ / /

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

34.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay overtime wages to Plaintiff and other class members for all hours worked. Plaintiff and other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

35.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and other class members.

36.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members at least minimum wages for all hours worked.

37.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members the wages owed to them upon discharge or resignation.

38.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and other class members.

39.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses.

40.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to properly compensate Plaintiff and other class members pursuant to California law in order to increase Defendants' profits.

41.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)

42.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 41, and each and every part thereof with the same force and effect as though fully set forth herein.

43.    California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

44.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and other class members employed by Defendants, who work(ed) more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

45.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

/ / /

/ / /

/ / /

46.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

47.     During the relevant time period set forth herein, Plaintiff and other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

48.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and other class members (but not all).

49.     Defendants' pattern and practice of failing to pay Plaintiff and other class members the unpaid balance of overtime compensation, as required by California laws, violate the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

50.     Pursuant to California Labor Code section 1194, Plaintiff and other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)

51.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

/ / /

/ / /

52.    During the relevant time period set forth herein, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and other class members' employment by Defendants.

53.    During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

54.    During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

55.    During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56.    As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

/ / /

/ / /

/ / /

57.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

58.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

59.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

60.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiff and other class members (but not all) to work during meal periods and failed to compensate Plaintiff and the other class members (but not all) the full meal period premium for work performed during meal periods.

61.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members (but not all) the full meal period premium due pursuant to California Labor Code section 226.7.

62.     Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

63.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

/ / /

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)**

64.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 63, and each and every part thereof with the same force and effect as though fully set forth herein.

65.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and other class members' employment by Defendants.

66.     During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

67.     During the relevant time period set forth herein, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

68.     As a pattern and practice, during the relevant time period set forth herein, Defendants required Plaintiff and other class members (but not all) to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

69.     As a pattern and practice, during the relevant time period set forth herein, Defendants willfully required Plaintiff and other class members (but not all) to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

70.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members (but not all) the full rest period premium due pursuant to California Labor Code section 226.7.

71.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

72.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the rest period was not provided.

### FOURTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 1194 and 1197)**

**(Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)**

73.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72, and each and every part thereof with the same force and effect as though fully set forth herein.

74.     During the relevant time period set forth herein, California Labor Code sections 1194 and 1197 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed, is unlawful.

75.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay minimum wages to Plaintiff and other class members (but not all) as required, pursuant to California Labor Code sections 1194 and 1197.

76.     Defendants' failure to pay Plaintiff and other class members the minimum wage as required violates California Labor Code sections 1194 and 1197. Pursuant to those sections, Plaintiff and other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

77.     Pursuant to California Labor Code section 1194.2, Plaintiff and other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 201 and 202)**

**(Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)**

78.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

79.     During the relevant time period set forth herein, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits their employment, their wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

80.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay Plaintiff and other class members (but not all) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

81.     Defendants' pattern and practice of failing to pay Plaintiff and other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, are in violation of California Labor Code sections 201 and 202.

/ / /

/ / /

/ / /

82.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

83.    Plaintiff and other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to the thirty (30) day maximum as provided by Labor Code section 203.

<u>**SIXTH CAUSE OF ACTION**</u>

**(Violation of California Labor Code § 226(a))**

**(Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)**

84.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

/ / /

/ / /

/ / /

85.     During the relevant time period set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of their employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of their social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

86.     As a pattern and practice, Defendants have intentionally and willfully failed to provide Plaintiff and other class members (but not all) with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and other class members.

87.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and other class members have suffered injury and damage to their statutorily protected rights.

88.     More specifically, Plaintiff and other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

/ / /

/ / /

89.    Plaintiff and other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

90.    Plaintiff and other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)

91.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

92.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of their job duties or in direct consequence of their obedience to the directions of the employer.

93.    Defendants have intentionally and willfully failed to reimburse Plaintiff and other class members (but not all) for all necessary business-related expenses and costs.  Plaintiff and other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

/ / /

/ / /

/ / /

## EIGHTH CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, *et seq.*)**

**(Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)**

94.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

96.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

97.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' pattern and practice of requiring Plaintiff and other class members to work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' pattern and practice of requiring Plaintiff and other class members to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' pattern and practice of failing to timely pay wages to Plaintiff and other class members violate California Labor Code sections 201 and 202.  Defendants also violated California Labor Code sections 226(a), 1194, 1197, 2800 and 2802.

98.     As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

/ / /

99.    Plaintiff and other class members (but not all) have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

100.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and other class members (but not all);

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

/ / /

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.    For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and other class members (but not all);

11.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.    For all actual, consequential, and incidental losses and damages, according to proof;

13.    For premium wages pursuant to California Labor Code section 226.7(c);

14.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein; and

16.    For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

17.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and other class members (but not all);

18.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

///

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(c);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194 and 1197 by willfully failing to pay minimum wages to Plaintiff and other class members (but not all);

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

27.     For liquidated damages pursuant to California Labor Code section 1194.2; and

28.     For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

29.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and other class members (but not all) no longer employed by Defendants;

30.     For all actual, consequential, and incidental losses and damages, according to proof;

31.     For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

/ / /

1    32.    For pre-judgment interest on any unpaid compensation from the date such

2  amounts were due; and

3    33.    For such other and further relief as the court may deem just and proper.

4                 **As to the Sixth Cause of Action**

5    34.    That the Court declare, adjudge and decree that Defendants violated the record

6  keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

7  as to Plaintiff and other class members (but not all), and willfully failed to provide accurate

8  itemized wage statements thereto;

9    35.    For actual, consequential and incidental losses and damages, according to proof;

10    36.    For statutory penalties pursuant to California Labor Code section 226(e);

11    37.    For injunctive relief to ensure compliance with this section, pursuant to

12  California Labor Code section 226(h); and

13    38.    For such other and further relief as the court may deem just and proper.

14  / / /

15                 **As to the Seventh Cause of Action**

16    39.    That the Court declare, adjudge and decree that Defendants violated California

17  Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and other class

18  members (but not all) for all necessary business-related expenses as required by California

19  Labor Code sections 2800 and 2802;

20    40.    For actual, consequential and incidental losses and damages, according to proof;

21    41.    For the imposition of civil penalties and/or statutory penalties;

22    42.    For punitive damages and/or exemplary damages according to proof at trial;

23    43.    For reasonable attorneys' fees and costs of suit incurred herein; and

24    44.    For such other and further relief as the court may deem just and proper.

25  / / /

26  / / /

27  / / /

28

### As to the Eighth Cause of Action

45.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and other class members' wages timely as required by California Labor Code sections 201 and 202.

46.    For restitution of unpaid wages to Plaintiff and other class members and all pre-judgment interest from the day such amounts were due and payable;

47.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

48.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

49.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

50.    For such other and further relief as the court may deem just and proper.


Dated: September 25, 2023                    **JUSTICE LAW CORPORATION**



By: _D.Ha_____
              Douglas Han
              Shunt Tatavos-Gharajeh
              Lawrence W. Beall
              *Attorneys for* Plaintiff

DOC #1-2

#358224

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SHARECARE CL, LLC, a Delaware limited liability company; SHARECARE HEALTH DATA
SERVICES, LLC, a Delaware limited liability company; SHARECARE OPERATING
COMPANY, INC., a Delaware corporation; CARELINX INC., a Delaware corporation; and
DOES 1 through 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AMANDA CUNNINGHAM, individually, and on behalf of other members
of the general public similarly situated;

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
9/28/2023
By: M Gallegos, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Yolo County Superior Court

CASE NUMBER
*(Número del Caso):* CV2023-2034

Main Courthouse
1000 Main Street
Woodland, California 95695

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Douglas Han, JUSTICE LAW CORP., 751 N. Fair Oaks Ave., Ste. 101, Pasadena, CA 91103; 818-230-7502

DATE: 9/28/2023
*(Fecha)*

SHAWN C. LANDRY    Clerk, by    /s/ M Gallegos    , Deputy
*(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SHARECARE CL, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corp. Code: 17701.16, Limited Liability Company
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

DOC #1-3

#358224

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SHARECARE CL, LLC, a Delaware limited liability company; SHARECARE HEALTH DATA
SERVICES, LLC, a Delaware limited liability company; SHARECARE OPERATING
COMPANY, INC., a Delaware corporation; CARELINX INC., a Delaware corporation; and
DOES 1 through 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AMANDA CUNNINGHAM, individually, and on behalf of other members
of the general public similarly situated;

> **FOR COURT USE ONLY**
> *(SOLO PARA USO DE LA CORTE)*
>
> ELECTRONICALLY FILED
> by Superior Court of CA,
> County of Yolo,
> 9/28/2023
>
> By: M Gallegos, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Yolo County Superior Court<br><br>Main Courthouse<br>1000 Main Street<br>Woodland, California 95695 | **CASE NUMBER:** *(Número del Caso):* CV2023-2034 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Douglas Han, JUSTICE LAW CORP., 751 N. Fair Oaks Ave., Ste. 101, Pasadena, CA 91103; 818-230-7502

| DATE: 9/28/2023 *(Fecha)* | SHAWN C. LANDRY | Clerk, by *(Secretario)* | /s/ M Gallegos | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SHARECARE CL, LLC, a Delaware limited liability company

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):*  Corp. Code: 17701.16, Limited Liability Company

4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF YOLO

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF YOLO<br>1000 MAIN STREET<br>WOODLAND, CA. 95695<br>530-406-6704 | *For Court Use*<br><br>ELECTRONICALLY FILED<br>by Superior Court of CA,<br>County of Yolo,<br>on 9/25/2023 11:54 AM<br>By: M Gallegos, Deputy |
|---|---|
| Amanda Cunningham<br><br>        Plaintiff,<br><br>        vs.<br>Sharecare CL,LLC, et at<br><br>        Defendant | **Case**  CV2023-2034 |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | |

NOTICE TO ALL APPEARING PARTIES AND THEIR ATTORNEYS:

Notice is hereby given that the above-entitled action has been set for a Case Management Conference on ____1/29/24____ at ___9:00AM___ in Department ____TBD____.

The plaintiff shall serve the Notice of Case Management Conference on each defendant with the complaint.

You must file a Case Management Statement 15 days prior to the above date.

Date:   9/25/23

                    SHAWN C. LANDRY, COURT EXECUTIVE OFFICER
                    /s/ M Gallegos
                    _____
                    M Gallegos            , Deputy Clerk

YOCV0142

8/6/2020

DOUGLAS HAN (SBN 232858)
SHUNT TATAVOS-GHARAJEH (SBN 272164)
LAWRENCE W. BEALL (SBN 343117)
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for* Plaintiff

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 9/25/2023 11:54 AM
By: M Gallegos, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF YOLO

AMANDA CUNNINGHAM, individually, and on behalf of other members of the general public similarly situated;

Plaintiff,

v.

SHARECARE CL, LLC, a Delaware limited liability company; SHARECARE HEALTH DATA SERVICES, LLC, a Delaware limited liability company; SHARECARE OPERATING COMPANY, INC., a Delaware corporation; CARELINX INC., a Delaware corporation; and DOES 1 through 100, inclusive;

Defendants.

Case No.:    CV2023-2034

**CLASS ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(8) Violation of California Business & Professions Code §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

1    COMES NOW, Plaintiff AMANDA CUNNINGHAM ("Plaintiff"), individually, and

2  on behalf of other members of the general public similarly situated, and alleges as follows:

3                            **JURISDICTION AND VENUE**

4        1.     This class action is brought pursuant to the California Code of Civil Procedure

5  section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal

6  jurisdiction limits of the Superior Court and will be established according to proof at trial.  The

7  "amount in controversy" for the named Plaintiff, including claims for compensatory damages,

8  restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than

9  seventy-five thousand dollars ($75,000).

10       2.     This Court has jurisdiction over this action pursuant to the California

11 Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all

12 other causes" except those given by statute to other courts. The statutes under which this action

13 is brought do not specify any other basis for jurisdiction.

14       3.     This Court has jurisdiction over Defendants because, upon information and

15 belief, Defendants are citizens of California, have sufficient minimum contacts in California,

16 or otherwise intentionally avail themselves of the California market so as to render the exercise

17 of jurisdiction over them by the California courts consistent with traditional notions of fair play

18 and substantial justice.

19       4.     Venue is proper in this Court because, upon information and belief, Defendants

20 maintain offices, have agents, and/or transact business in the State of California, including the

21 County of Yolo. The majority of the acts and omissions alleged herein relating to Plaintiff took

22 place in the State of California, County of Yolo. Defendants employed Plaintiff within the State

23 of California, County of Yolo.

24                                  **PARTIES**

25       5.     Plaintiff AMANDA CUNNINGHAM is an individual residing in the State of

26 California, County of Yolo.

27 ///

28 ///

6.      Defendant SHARECARE CL, LLC, at all times herein mentioned, was and is, upon information and belief, a Delaware limited liability company, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Yolo. Defendant SHARECARE HEALTH DATA SERVICES, LLC, at all times herein mentioned, was and is, upon information and belief, a Delaware limited liability company, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Yolo. Defendant SHARECARE OPERATING COMPANY, INC., at all times herein mentioned, was and is, upon information and belief, a Delaware corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Yolo. Defendant CARELINX INC., at all times herein mentioned, was and is, upon information and belief, a Delaware corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Yolo.

7.      At all relevant times, Defendants SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., and CARELINX INC. were each an "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8.      At all times herein relevant, Defendants SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

9.     The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     Defendants SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action individually and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

13.     The proposed class is defined as follows:

>      All current and former hourly-paid or non-exempt employees of Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

14.     Plaintiff reserves the right to establish subclasses as appropriate.

15.     The class is ascertainable and there is a well-defined community of interest in the litigation:

/ / /

/ / /

a.  <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.  <u>Typicality</u>: Plaintiff's claims are typical of all other class members' claims as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c.  <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

/ / /

/ / /

/ / /

1
2
3
4
5
6
7

  e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

8
9
10

  16.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

11
12

  a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

13
14

  b.  Whether Defendants failed to pay their hourly-paid or non-exempt employees within the State of California for all hours worked;

15
16
17
18

  c.  Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

19
20

  d.  Whether Defendants properly calculated the regular rate for Plaintiff and the other class members who worked overtime and earned incentive pay;

21
22
23
24

  e.  Whether Defendants deprived Plaintiff and the other class members of legally mandated meal and/or rest periods and failed to compensate them the related premium wages pursuant to California Labor Code section 226.7(c);

25
26

  f.  Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

27 / / /
28 / / /

6

g.    Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

h.    Whether Defendants complied with wage reporting as required by the California Labor Code, including, inter alia, section 226;

i.    Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

j.    Whether Defendants' conduct was willful or reckless;

k.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*;

l.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## **GENERAL ALLEGATIONS**

17.    During the relevant time period set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

18.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid non-exempt employee during the relevant time period in the State of California, County of Yolo.

19.    Defendants had the authority to hire and terminate Plaintiff and other class members; to set work rules and conditions governing Plaintiff's and other class members' employment; and to supervise their daily employment activities.

20.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and other class members' employment for them to be joint employers of Plaintiff and the other class members.

21.    Defendants directly hired and paid wages and benefits to Plaintiff and other class members.

///

22.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

23.     Plaintiff and other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This scheme involved, inter alia, failing to pay them for all hours worked, and failing to provide legally mandated meal and rest breaks or pay related premium wages in lieu thereof, in violation of California law.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive certain wages for overtime compensation and that Plaintiff and other class members were not receiving wages for overtime compensation.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage Orders and thus they are entitled to any and all applicable penalties.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all timely and complete meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, late or interrupted, and that Plaintiff and other class members did not receive all timely and proper meal periods or payment of one additional hour of pay at their regular rate of pay when a meal period was missed.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all timely rest periods without interruption or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, late or interrupted, and that Plaintiff and other class members did not receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive at least minimum wages for compensation and that Plaintiff and other class members were not receiving at least minimum wages for all hours worked.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and that Plaintiff and other class members did not, in fact, receive such wages owed to them at the time of their discharge or resignation.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive complete and accurate wage statements in accordance with California law but, in fact, Plaintiff and other class members did not receive complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and other class members.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

/ / /

/ / /

/ / /

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

34. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay overtime wages to Plaintiff and other class members for all hours worked. Plaintiff and other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

35. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and other class members.

36. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members at least minimum wages for all hours worked.

37. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members the wages owed to them upon discharge or resignation.

38. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and other class members.

39. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses.

40. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to properly compensate Plaintiff and other class members pursuant to California law in order to increase Defendants' profits.

41.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)

42.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 41, and each and every part thereof with the same force and effect as though fully set forth herein.

43.    California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

44.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and other class members employed by Defendants, who work(ed) more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

45.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

/ / /

/ / /

/ / /

46.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

47.    During the relevant time period set forth herein, Plaintiff and other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

48.    As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and other class members (but not all).

49.    Defendants' pattern and practice of failing to pay Plaintiff and other class members the unpaid balance of overtime compensation, as required by California laws, violate the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

50.    Pursuant to California Labor Code section 1194, Plaintiff and other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

### SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)**

51.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

/ / /

/ / /

52.    During the relevant time period set forth herein, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and other class members' employment by Defendants.

53.    During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

54.    During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

55.    During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56.    As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

/ / /

/ / /

/ / /

57.    As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

58.    As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

59.    As a pattern and practice, during the relevant time period set forth herein, Plaintiff and other class members (but not all) who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

60.    As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiff and other class members (but not all) to work during meal periods and failed to compensate Plaintiff and the other class members (but not all) the full meal period premium for work performed during meal periods.

61.    As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members (but not all) the full meal period premium due pursuant to California Labor Code section 226.7.

62.    Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

63.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

/ / /

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)**

64. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 63, and each and every part thereof with the same force and effect as though fully set forth herein.

65. During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and other class members' employment by Defendants.

66. During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

67. During the relevant time period set forth herein, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

68. As a pattern and practice, during the relevant time period set forth herein, Defendants required Plaintiff and other class members (but not all) to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

69. As a pattern and practice, during the relevant time period set forth herein, Defendants willfully required Plaintiff and other class members (but not all) to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

70. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members (but not all) the full rest period premium due pursuant to California Labor Code section 226.7.

71. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

72. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194 and 1197)

### (Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)

73. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72, and each and every part thereof with the same force and effect as though fully set forth herein.

74. During the relevant time period set forth herein, California Labor Code sections 1194 and 1197 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed, is unlawful.

75. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay minimum wages to Plaintiff and other class members (but not all) as required, pursuant to California Labor Code sections 1194 and 1197.

76. Defendants' failure to pay Plaintiff and other class members the minimum wage as required violates California Labor Code sections 1194 and 1197. Pursuant to those sections, Plaintiff and other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

77.     Pursuant to California Labor Code section 1194.2, Plaintiff and other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)

78.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

79.     During the relevant time period set forth herein, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits their employment, their wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

80.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay Plaintiff and other class members (but not all) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

81.     Defendants' pattern and practice of failing to pay Plaintiff and other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, are in violation of California Labor Code sections 201 and 202.

/ / /

/ / /

/ / /

82.   California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

83.   Plaintiff and other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to the thirty (30) day maximum as provided by Labor Code section 203.

### SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)

84.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

///

///

///

18

85.    During the relevant time period set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of their employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of their social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

86.    As a pattern and practice, Defendants have intentionally and willfully failed to provide Plaintiff and other class members (but not all) with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and other class members.

87.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and other class members have suffered injury and damage to their statutorily protected rights.

88.    More specifically, Plaintiff and other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

/ / /

/ / /

89.     Plaintiff and other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

90.     Plaintiff and other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)

91.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

92.     Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of their job duties or in direct consequence of their obedience to the directions of the employer.

93.     Defendants have intentionally and willfully failed to reimburse Plaintiff and other class members (but not all) for all necessary business-related expenses and costs.  Plaintiff and other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

/ / /

/ / /

/ / /

**EIGHTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, *et seq.*)**

**(Against SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., CARELINX INC., and DOES 1 through 100)**

94.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

96.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

97.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' pattern and practice of requiring Plaintiff and other class members to work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' pattern and practice of requiring Plaintiff and other class members to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' pattern and practice of failing to timely pay wages to Plaintiff and other class members violate California Labor Code sections 201 and 202.  Defendants also violated California Labor Code sections 226(a), 1194, 1197, 2800 and 2802.

98.     As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

/ / /

99.     Plaintiff and other class members (but not all) have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

100.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.      That this action be certified as a class action;

2.      That Plaintiff be appointed as representative of the Class;

3.      That counsel for Plaintiff be appointed as Class Counsel; and

4.      That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and other class members (but not all);

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

/ / /

7.   For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.   For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

10.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and other class members (but not all);

11.   That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.   For all actual, consequential, and incidental losses and damages, according to proof;

13.   For premium wages pursuant to California Labor Code section 226.7(c);

14.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.   For reasonable attorneys' fees and costs of suit incurred herein; and

16.   For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

17.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and other class members (but not all);

18.   That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

/ / /

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(c);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194 and 1197 by willfully failing to pay minimum wages to Plaintiff and other class members (but not all);

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

27.     For liquidated damages pursuant to California Labor Code section 1194.2; and

28.     For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

29.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and other class members (but not all) no longer employed by Defendants;

30.     For all actual, consequential, and incidental losses and damages, according to proof;

31.     For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

/ / /

1    32.    For pre-judgment interest on any unpaid compensation from the date such

2    amounts were due; and

3    33.    For such other and further relief as the court may deem just and proper.

4    <u>**As to the Sixth Cause of Action**</u>

5    34.    That the Court declare, adjudge and decree that Defendants violated the record

6    keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

7    as to Plaintiff and other class members (but not all), and willfully failed to provide accurate

8    itemized wage statements thereto;

9    35.    For actual, consequential and incidental losses and damages, according to proof;

10    36.    For statutory penalties pursuant to California Labor Code section 226(e);

11    37.    For injunctive relief to ensure compliance with this section, pursuant to

12    California Labor Code section 226(h); and

13    38.    For such other and further relief as the court may deem just and proper.

14    ///

15    <u>**As to the Seventh Cause of Action**</u>

16    39.    That the Court declare, adjudge and decree that Defendants violated California

17    Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and other class

18    members (but not all) for all necessary business-related expenses as required by California

19    Labor Code sections 2800 and 2802;

20    40.    For actual, consequential and incidental losses and damages, according to proof;

21    41.    For the imposition of civil penalties and/or statutory penalties;

22    42.    For punitive damages and/or exemplary damages according to proof at trial;

23    43.    For reasonable attorneys' fees and costs of suit incurred herein; and

24    44.    For such other and further relief as the court may deem just and proper.

25    ///

26    ///

27    ///

28

### As to the Eighth Cause of Action

45.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and other class members' wages timely as required by California Labor Code sections 201 and 202.

46.    For restitution of unpaid wages to Plaintiff and other class members and all pre-judgment interest from the day such amounts were due and payable;

47.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

48.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

49.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

50.    For such other and further relief as the court may deem just and proper.


Dated: September 25, 2023                **JUSTICE LAW CORPORATION**



By: _D.Ha_____

        Douglas Han
        Shunt Tatavos-Gharajeh
        Lawrence W. Beall
        *Attorneys for* Plaintiff

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Douglas Han (SBN 232858) / Shunt Tatavos-Gharajeh (SBN 272164)
JUSTICE LAW CORPORATION
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
TELEPHONE NO. 818-230-7502        FAX NO (Optional): 818-230-7259
E-MAIL ADDRESS: dhan@justicelawcorp.com / statavos@justicelawcorp.com
ATTORNEY FOR (Name): Plaintiff Amanda Cunningham

_FOR COURT USE ONLY_

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 9/25/2023 11:54 AM
By: M Gallegos, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO
STREET ADDRESS: 1000 Main Street
MAILING ADDRESS: 1000 Main Street
CITY AND ZIP CODE: Woodland, CA 95695
BRANCH NAME: Main Courthouse

CASE NAME: Cunningham v. Sharecare CL, LLC, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV2023-2034 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

_Items 1–6 below must be completed (see instructions on page 2)._

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: September 25, 2023

Douglas Han
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition