UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA CUNNINGHAM,<br><br>                    Plaintiff,<br><br>        v.<br><br>SHARECARE CL, LLC, et al.,<br><br>                    Defendants. | Case No. 2:23-cv-02564-DJC-CSK<br><br>ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 51) |

The Court has reviewed the parties' stipulated protective order below (ECF No. 51), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated:  March 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, cunn2564.23

1

DOUGLAS HAN (SBN 232858)
CHRIS PETERSEN (SBN 260631)
RYAN A. CRIST (SBN 316653)
**JUSTICE LAW CORPORATION**
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for* Plaintiff

R. BRENTON URICK (SBN 314810)
DANIEL CROWELL (*Admitted Pro Hac Vice*)
LESLIE SANDERS (*Admitted Pro Hac Vice*)
STEPHEN C. STOVALL (*Admitted Pro Hac Vice*)
**BARTON LLP**
611 Commerce Street, Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
Facsimile: (212) 687-3667

*Attorney for* Defendants

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA CUNNINGHAM, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>SHARECARE CL, LLC, a Delaware limited liability company; SHARECARE HEALTH DATA SERVICES, LLC, a Delaware limited liability company; SHARECARE OPERATING COMPANY, INC., a Delaware corporation; CARELINX INC., a Delaware corporation; and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No.: 2:23-cv-02564-DJC-CSK<br><br><u>Assigned For All Purposes to:</u><br>District Judge Daniel J. Calabretta, Ctrm 10<br>Magistrate Judge Chi Soo Kim, Ctrm 25<br><br>**CLASS ACTION**<br><br>**STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY**<br><br>Complaint Filed: September 25, 2023<br>Removal Filed: November 6, 2023<br>Trial Date: April 5, 2027 |

STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY

**IT IS HEREBY STIPULATED** by and between the Parties to AMANDA CUNNINGHAM v. SHARECARE CL, LLC; SHARECARE HEALTH DATA SERVICES, LLC; SHARECARE OPERATING COMPANY, INC.; CARELINX INC.; and DOES 1 through 100, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding (2:23-cv-02564-DJC-CSK).

b. "Court" means the Hon. (Kim), or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e. "Designating Party" means the Party that designates Materials as "Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of Documents or Testimony.

/ / /

STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY

i.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.    The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or the right to contest any such assertion.

4.    Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

b.    For Testimony given in depositions the Designating Party may either:

i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii.    designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court

4

reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5.    The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality

STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY

through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6.    Pursuant to Local Rule 141.1(c), the undersigned Parties request a Protective Order for data from software used by SHARECARE CL, LLC, SHARECARE HEALTH DATA SERVICES, LLC, SHARECARE OPERATING COMPANY, INC., and/or CARELINX INC for employee timekeeping and payroll, including data from ProHance.  This software data requires protection because it may contain sensitive information about third-parties.  A court order is necessary to protect the constitutional privacy rights of third-parties, as opposed to a private agreement between or among the Parties.

7.    In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

8.    Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY

a.    the Court;

b.    (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c.    those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding;

d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

f.    any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

g.    mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

///

7

h.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

i.    any other person that the Designating Party agrees to in writing.

9.    Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

11.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.    operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY

ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

12.    Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13.    Any Documents, Testimony or Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14.    Upon either Parties' receipt of responsive documents to any and all subpoenas, the Party that served the subpoena shall within three (3) business days of its receipt of the responsive Documents, Testimony or Information, provide a copy to the opposing Parties to review and mark as "Confidential" as further outlined in this section. All documents produced by third parties in response to subpoenas served in this Proceeding shall be treated as "Confidential" for a period of 15 calendar days from the date of their production to the Designating Party, and during that period, any Designating Party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.  Any document produced by a third party in response to a subpoena which is not designated by a Designating Party as "Confidential" within the 15 calendar days from the date of its production will be deemed non-Confidential upon the expiration of that time period. Notwithstanding anything to

the contrary, the 15 day period for designating such documents as "Confidential" does not commence to run until the documents responsive to the subpoena have been served upon and received by the Designating Party. Should the party who served the subpoena fail to produce the responsive documents to the other party within 3 business days of receipt, all such documents shall remain confidential until served upon the Designating Party and for the 15 calendar day period thereafter.

15.    If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16.    Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

17.    If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY

18.     This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

19.     Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding, the parties shall comply with Local Rule 141 of the United States District Court for the Eastern District of California and any other applicable federal or local rules governing the sealing of documents.

20.     The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

21.     Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

22.     This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

23.     Upon written request made after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court [and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of

destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

24.    After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

25.    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

/ / /

/ / /

/ / /

STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY

This Stipulation and Protective Order may be executed in counterparts.

Respectfully submitted,

Dated:  February 27, 2026                    **JUSTICE LAW CORPORATION**

By:   /s/ Ryan A. Crist

Douglas Han
Chris Petersen
Ryan A. Crist
*Attorneys for* Plaintiff

Dated: February 26, 2026                    **BARTON LLP**

By: /s/ Daniel Crowell (as authorized on 02/26/26)

Daniel Crowell
Leslie Sanders
Stephen Stovall
R. Brenton Urick
*Attorneys* for Defendant

STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY

**EXHIBIT A**

CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, (Case No.: 2:23-cv-02564-DJC-CSK). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided tome in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed on the ____ day of _____, 20___, at _____.

DATED: _____          BY: _____
                                      Name/title

                                      _____
                                      Signature

                                      _____
                                      Address

                                      _____
                                      City, State, Zip

                                      _____
                                      Telephone Number

14

STIPULATION AND PROTECTIVE ORDER-CONFIDENTIAL DESIGNATION ONLY